# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/11/2018 at 08:00:00 AM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1  **LAKESHORE LAW CENTER**
2  **Jeffrey Wilens, Esq. (State Bar No. 120371)**
   **18340 Yorba Linda Blvd., Suite 107-610**
3  **Yorba Linda, CA 92886**
4  **714-854-7205**
   **714-854-7206 (fax)**
5  **jeff@lakeshorelaw.org**

6
   **THE SPENCER LAW FIRM**
7  **Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
   **2 Venture, Suite 220**
8  **Irvine, CA 92673**
9  **949-240-8595**
   **949-240-8515 (fax)**
10 **jps@spencerlaw.net**
11

12 **Attorneys for Plaintiffs**

13              **ORANGE COUNTY SUPERIOR COURT, STATE OF CALIFORNIA**

14                     **(Unlimited Civil), Civil Complex Center**

15              **751 West Santa Ana Blvd, Santa Ana, California 92701**

16

17 MICHELL T. FRANKLIN, on behalf of ) Case No. 30-2018-01004396-CU-BT-CXC
   herself and all persons similarly,   ) Assigned for All Purposes to:
18                                      ) Hon. Judge William Claster
                                        ) Dept. CX-102
19                                      ) Complaint Filed:
             v.                         ) **CLASS ACTION**
20                                      )
   MIDWEST RECOVERY SYSTEMS,            )
21 LLC, and Does 1 through              ) **COMPLAINT FOR**
   100 inclusive,                       ) **1. Violation of California Consumer**
22                                      ) **Credit Reporting Agencies Act (Civil**
23                                      ) **Code § 1785 et. seq.)**
             Defendants.                )
24
25 Plaintiff alleges as follows:

26                                    **PARTIES**

27 1. Plaintiff MICHELL T. FRANKLIN, an individual, brings this action on behalf of

28    herself, and on behalf of a class of similarly situated persons pursuant to Code of

---
1
COMPLAINT

Civil Procedure § 382. Plaintiff is a resident of the State of California and a competent adult.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant MIDWEST RECOVERY SYSTEMS, LLC ("Midwest") is now, and at all times mentioned in this Complaint was, a limited liability company based in St. Charles, Missouri. Defendant has not designated a principal place of business in the State of California.

3. Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

## CLASS ALLEGATIONS

5. Plaintiff is a member of a class of persons, the members of which are similarly situated to each other member of that class. The class is defined as follows:

> All California residents whose SUBJECT LOAN DEBT INFORMATION was furnished by Defendant to consumer

2
COMPLAINT

reporting agencies during the past two years from filing of the complaint. For purposes of this definition, "SUBJECT LOAN DEBT INFORMATION" means information that a debt was allegedly owed to any of the following original creditors: VIP PDL Services, LLC, a/k/a VIP Loan Shop; SCS Processing, LLC, a/k/a Everest Cash Advance; Action PDL Services, LLC, a/k/a Action Payday; BD PDL Services, LLC, a/k/a Bottom Dollar Payday, Integrity PDL Services, LLC, a/k/a Integrity Payday Loans, a/k/a IPL Today; My Quick Funds d/b/a Sierra Financial, LLC; Fast EFunds a/k/a FastEfunds.com.

6. Plaintiff is informed and believes, and thereupon alleges, that the class Plaintiff represent includes at least 100 persons whose debt was misreported by Defendant.

7. The identity of the members of the class is ascertainable from Defendant's own business records or those of its agents.

8. The Plaintiff and Class Members' claims against Defendant involve questions of law or fact common to the class that are substantially similar and predominate over questions affecting individual Class Members in that all Class Members had alleged payday loan debt that was reported by Defendant to consumer reporting agencies and in each instance Defendant reported an illegal and void debt.

9. The claims of Plaintiff are typical of the claims of the members of the Class.

10. Plaintiff can fairly and adequately represent the interests of the Class.

**FIRST CAUSE OF ACTION FOR VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCIES ACT, CIVIL CODE § 1785 ET. SEQ., AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION AND AS A CLASS ACTION)**

11. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 10, inclusive.

12. VIP PDL Services, LLC, a/k/a VIP Loan Shop, SCS Processing, LLC, a/k/a Everest Cash Advance, Action PDL Services, LLC, a/k/a Action Payday, BD PDL Services, LLC, a/k/a Bottom Dollar Payday, Integrity PDL Services, LLC, a/k/a Integrity

COMPLAINT

Payday Loans, a/k/a IPL Today, My Quick Funds d/b/a Sierra Financial, LLC, and Fast EFunds a/k/a FastEfunds.com were payday loan companies operating between 2009 and 2015 from one of several overseas locations. Although the companies had no licenses to make loans in California, as required by California law, and despite cease and desist orders issued by the State of California, they made tens of thousands of loans to California residents.

13. All of the loans were illegal for a number reasons, including inter alia, because the lenders were not licensed and because they charged more in finance charges than permitted by California law. Under California law, such loans are and were deemed void by operation of law and the lender was deemed to have forfeited principal and interest.

14. By 2015, it was well known and understood in the financial industry, including in the collection industry, that these loans were illegal. All of the lenders shut down operations by 2015.

15. Plaintiff obtained loans from Bottom Dollar Payday and Everest Cash Advance in or before 2011.

16. On a date unknown to Plaintiff, the lenders assigned, transferred or sold the debt either to Defendant Midwest directly or to a third party (Doe defendant) which then assigned the debt to Midwest for collection purposes.

17. In any event, on or about May 13, 2018, Midwest furnished information to consumer credit reporting agencies, including TransUnion, stating that Plaintiff owed money to illegal lenders Bottom Dollar Payday and Everest Cash Advance. The furnished information included that the accounts were placed for collection on May 10, 2018 and that Plaintiff owed Bottom Dollar $308 and owed Everest $1125.

18. However, as explained above, Plaintiff owed no money to these lenders because any loans made by the lenders to her were void.

19. After Plaintiff disputed these debts to TransUnion, the credit bureau contacted Midwest, which verified that the debt information was accurate. As a result, despite

4
COMPLAINT

Plaintiff's dispute, TransUnion refused to remove the debt information from her reports. TransUnion indicated the debt information would remain on her credit report through February 2019.

20. Apart from the two items reported by Midwest, Plaintiff has no derogatory information on her credit reports.

21. Plaintiff is informed and believes, and thereupon alleges, that the same debt information was furnished to Experian and Equifax and is present on her credit reports published by those companies as well.

22. During the class period, Defendant engaged in similar conduct with regard to the class members by furnishing false information to the consumer reporting agencies claiming that the class members owed money to the subject lenders even though all of the loans were void.

23. Defendant's purpose for furnishing the false debt information to the consumer reporting agencies was to coerce Plaintiff and the class members to make payments on the illegal loans.

24. Plaintiff is informed and believes, and thereupon alleges, that some class members made payments under duress triggered by the illegal credit reporting practice but does not know how much they paid. Once Plaintiff obtains this information through discovery, she may seek to amend the complaint to allege additional causes of action and to add additional plaintiffs.

25. As a result of Defendant's actions or inactions, one or more of the consumer reporting agencies continued to falsely report the status of Plaintiff and the Class Members' debts to the current date.

26. When Defendant furnished information regarding the particular debts to the reporting agencies, it knew or should have known that the information being furnished about the delinquency date was inaccurate or incomplete.

27. Accordingly, Defendant violated Civil Code § 1785.25 (a) each time it furnished inaccurate or incomplete information about the particular debt to a reporting

1. agency.
28. Each of these violations was a willful violation in that Defendant intentionally and knowingly furnished inaccurate or incomplete information to the consumer credit reporting agencies for the purpose of extorting payment on the debts.
29. Plaintiff and the Class Members are consumers within the meaning of section 1785.3 (b) of the California Consumer Credit Reporting Agencies Act in that they are natural individuals.
30. Plaintiff and the Class Members suffered damages as a result of the violations of Civil Code § 1785.25 (a) as set forth above in that their credit scores and credit ratings were adversely impacted by the false reporting of the debt.
31. Plaintiff and each Class Member is entitled to recover actual damages pursuant to Civil Code § 1785.31 (a) (2) (A) including court costs, loss of wages, attorney's fees and pain and suffering in an amount according to proof.
32. Plaintiff and each Class Member is entitled to recover punitive damage pursuant to Civil Code § 1785.31 (a) (2) (B) in the amount of $5,000 against Defendants.
33. In addition, the Class as a whole is entitled to recover punitive damages in an amount the court may allow. In determining the amount of award in any class action, the court shall consider among relevant factors the amount of any actual damages awarded, the frequency of the violations, the resources of the violator and the number of persons adversely affected.
34. Further, Plaintiff and the Class Members are entitled to injunctive relief pursuant to Civil Code § 1785.31 (b). Defendant must update the information reported to the credit bureaus to delete all references to the debt and must not report debt when it does not have accurate original delinquency date information.

### REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiff requests trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendant as follows:

1. For an order certifying this matter as a class action;
2. For a declaration of the rights and liabilities of the parties including a declaration that Defendant cannot furnish information to consumer credit reporting agencies claiming that the delinquency date is later than it actually was and if Defendant does not know the delinquency date at all, then it must not furnish any information about the debt to reporting agencies;
3. For preliminary and permanent injunctive relief pursuant to Civil Code § 1785.31 (b) restraining and enjoining Defendants from threatening to report or reporting the debt information set forth above and requiring it to notify all consumer reporting agencies to remove that debt information;
4. For actual damages on the first cause of action according to proof;
5. For punitive or exemplary damages on the first cause of action;
6. For interest on the sum of money awarded as damages or restitution;
7. For reasonable attorney's fees pursuant to Civil Code § 1785.31 (d) and (f), pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.
8. For costs of suit incurred herein; and
9. For such other and further relief as the court may deem proper.

DATED: July 10, 2018

Respectfully submitted,

By _____
JEFFREY WILENS
Attorney for Plaintiff

---

7

COMPLAINT